IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**RUBEN MILLER**                                                                                      **PLAINTIFF**

V.                                        Case No. 2:11-CV-02102

**ST. EDWARD MERCY MEDICAL CENTER**                               **DEFENDANT**

**PROTECTIVE ORDER**

Before the Court is the parties' Joint Motion for Protective Order (Doc. 19), which is hereby GRANTED.

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1.  It is agreed that material requested by any of the parties, which they deem confidential, except to the extent previously acquired by the opposing party, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

    a.  Counsel for plaintiff and counsel for the defendant who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

-1-

  b.  The parties to the litigation and their experts; and

  c.  Any other individuals included by order of the Court;

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

  2.  The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order, except to the extent such documents have already been acquired by the opposing party.

  3.  A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent by facsimile to opposing counsel within ten business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the tenth business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the tenth business day after receipt of the transcript are excluded from the protections of this Protective Order.

4.      A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably.  If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation.  The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL."  The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper.  Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

5.      Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6.      Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise.  The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.  Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

7.      No lawyer for a party may comment in the presence of the jury on the reasons or

motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

8. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

9. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

10. Within three years of the conclusion of all aspects of the litigation of this case, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned to the party which produced the documents.

IT IS SO ORDERED this 5th day of April, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE